**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STEPHANIE EMERSON OLDS, | : | PRISONER CASE NO. |
| Petitioner, | : | 3:11-cv-1375 (JCH) |
| | : | |
| v. | : | |
| | : | |
| MAUREEN BAIRD, | : | FEBRUARY 17, 2012 |
| Respondent. | : | |

**RULING RE: RESPONDENT'S MOTION TO DISMISS (DOC. NO. 4)**

**I.      INTRODUCTION**

Petitioner Stephanie Emerson Olds, an inmate confined at the Federal

Correctional Institution in Danbury, Connecticut, brings this Petition pursuant to 28

U.S.C. § 2241 challenging the denial of early release for completion of the residential

drug abuse treatment program.  The respondent has filed a Motion to Dismiss on the

ground that the petitioner is not entitled to early release.  For the reasons that follow, the

respondent's Motion is granted, and the Petition is dismissed.

**II**.      **BACKGROUND**

In March 1990, the petitioner entered a guilty plea in state court in North Carolina

on a charge of felony burning of an unoccupied building.  She was sentenced to a term

of imprisonment of five years.

While incarcerated at FCI Danbury, the petitioner sought to participate in the

Residential Drug Abuse Program ("RDAP").  Inmates who complete the RDAP may be

eligible for early release.  In October 2010, the Bureau of Prisons ("BOP") determined

that the petitioner was not eligible for early release upon completion of the RDAP

because she previously had been convicted for burning churches and other buildings

under North Carolina law.

III.    **DISCUSSION**

The petitioner challenges a correctional decision regarding a prison program. Thus, she properly brings her Petition pursuant to section 2241.  See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

The petitioner argues that she was improperly denied a one-year sentence reduction for completion of the RDAP.  The respondent argues that the Petition should be dismissed.  Although the petitioner was informed of her obligation to respond to the Motion to Dismiss, she has neither filed an opposing memorandum nor sought additional time within which to do so.

Habeas relief is warranted when a prisoner is held in custody in violation of the United States Constitution or federal laws or treaties.  See 28 U.S.C. § 2241(c)(3).  The petitioner has identified no constitutionally protected or federally mandated right to early release.  The federal statute creating the RDAP provides that early release is discretionary.  See 18 U.S.C. § 3621(e)(2)(B) (providing that term of imprisonment of inmate convicted of nonviolent offense "may be reduced" by period of up to one year after successful completion of RDAP).  Thus, completion of the RDAP does not automatically entitle the petitioner to early release.  See Lopez v. Davis, 531 U.S. 230, 241 (2001) (upon an inmate's completion of the RDAP, the BOP "has the authority, but not the duty," to authorize a reduction in the inmate's term of imprisonment).

Under section 706(2)(A) of title five of the United States Code, a reviewing court must hold unlawful and set aside any agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  This review, however, is narrow in scope.  The court should not substitute its judgment for that of the agency.

2

Rather, the court should uphold agency action if the agency has examined the relevant data and has either set forth a satisfactory explanation including a rational connection between the facts found and the choice made or such connection may reasonably be discerned.  See Karpova v. Snow, 497 F.3d 262, 267-68 (2d Cir. 2007) (citing Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)), cert. denied, 553 U.S. 1054 (2008).

The early release qualifications for the RDAP are set forth in BOP Directive 5331.02.  See Early Release Procedures Under 18 U.S.C. § 3621(e), http://www.bop.gov/policy/progstate/5331_002.pdf.  To be eligible for early release, an inmate must not have a prior conviction for arson.  Id. at 3-4, § 5(4)(v); see also 28 C.F.R. § 550.55(b)(4)(v).  The Supreme Court has approved the BOP's interpretation of the regulation and directive.  In Lopez v. Davis, the Supreme Court upheld the constitutionality of 28 C.F.R. § 550.55, and the BOP's practice of categorically excluding inmates from eligibility for early release based on their pre-conviction conduct.[1]  530 U.S. at 244.

The BOP denied early release to the petitioner under the categorical exclusion: her prior North Carolina conviction for burning of churches or other buildings rendered her ineligible for early release consideration under the exclusion for a prior arson conviction.  See Doc. No. 1-1 at 17.  The petitioner argues that the application of this

---

[1]The petitioner challenges the validity of section 550.55.  Her argument, however, is based on a Ninth Circuit case challenging the validity of a prior version of the regulation.  See Crickon v. Thomas, 579 F.3d 978 (9th Cir. 2009) (challenging 28 C.F.R. § 550.58).  As the BOP did not rely on this regulation in denying early release, the petitioner's argument fails.

exclusion is in error because she was convicted of burning a church or other building and not arson as defined under North Carolina law.

Statutory definitions of the crimes listed in section 550.55(b) may vary from state to state.  To ensure uniform application of the early release criteria, the BOP relies upon the definitions established by the FBI in its Uniform Crime Report ("UCR").  See Zacher v. Tippy, 202 F.3d 1039, 1045 (8th Cir. 2000) (upholding use of UCR to determine eligibility for early release under previous regulation); Moon v. Thomas, 787 F. Supp. 2d 1154, 1165 (D. Or. 2011) (explaining that UCR defines various offenses to achieve consistency in crime reporting); Fisher v. English, No. 10-4390 (RHK/JSM), 2011 WL 3206966, at *10 (D. Minn. June 14, 2011) (use of national definition appropriate "so that differences among state codes do not undermine the uniform application of eligibility criteria"), report and recommendation adopted by 2011 WL 3206982 (D. Minn. Jul. 28, 2011); Bailey v. Federal Bureau of Prisons, No. 09-cv-360-bbc, 2009 WL 3245914, at *2 (W.D. Wis. Oct. 5, 2009) (noting implausibility of any intention that BOP should accept differing state definitions of the same crime and stating that BOP "must apply a uniform, categorical definition . . . that is independent of labels adopted by various state's criminal codes") (citing Taylor v. United States, 495 U.S. 575, 590-91 (1990) (finding that meaning of "burglary" for purposes of sentence enhancement has a meaning independent of state criminal code definitions)).

If the BOP determines that the elements of the petitioner's prior conviction are included within the UCR definition of a crime disqualifying the prisoner from early release, the prior state conviction is considered a disqualifying offense.  See Callender v. Cruse, 3-09-CV-1569-P, 2010 WL 1838311, at *2 (N.D. Tex. Apr. 2, 2010) ("Because

4

the elements of the Iowa statute are included within the UCR definition of forcible rape, the BOP did not abuse its discretion in determining that the petitioner is not eligible for early release under section 550.55."), report and recommendation adopted by 2010 WL 1838307 (N.D. Tex. May 4, 2010); Weikert v. Winn, No. Civ.A. 02-40188RWZ, 2004 WL 326723, at *2 (D. Mass. Feb. 20, 2004) (petitioner's prior conviction fell within exception to regulations when compared with FBI definition of aggravated assault).  Thus, if the elements of the North Carolina crime of burning churches and other buildings fall within the definition of arson in the UCR, the BOP appropriately determined that the petitioner was ineligible for early release.

The petitioner pled guilty to helping set a fire at a medical clinic.[2]  The UCR defines arson as:  "[a]ny willful or malicious burning or attempt to burn, with or without intent to defraud, a dwelling house, public building, motor vehicle or aircraft, personal property of another, etc."  Arson at an office building would be included in the definition of structural arson.  See Resp't's Mem. Ex. C.  The North Carolina statute provided:

> If any person shall wantonly and willfully set fire to or burn or cause to be burned, or aid, counsel or procure the burning of, any uninhabited house, any church, chapel or meeting house, or any stable, coach house, outhouse, warehouse, office, shop, mill, barn or granary, or any building, structure or erection used or intended to be used in carrying on any trade or manufacture, or any branch thereof, whether the same or any of them respectively shall then be in the possession of the offender, or in the possession of any other

---

[2]In support of her Motion, the respondent has submitted copies of the version of the statute in effect at the time of the petitioner's conviction, the relevant portion of the UCR, and a paragraph from the PSI in the North Carolina case to establish the facts of the guilty plea.  The court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b)(2).  The court can verify the accuracy of these documents, including documents filed in state court proceedings.

person, he shall be punished as a Class F felon.
Resp't's Mem. Ex. B.

The elements of the North Carolina statute fall within the UCR definition of arson. Thus, the BOP's determination was not arbitrary, capricious, or an abuse of discretion and must be upheld.  The petitioner's argument that the BOP analysis was flawed because the crime for which she was convicted differs from the federal crime of arson is without merit.

## IV.   CONCLUSION

The respondent's Motion to Dismiss (**Doc. No. 4**) is **GRANTED**.  The Clerk is directed to enter judgment and close this case.

The court concludes that the petitioner has not shown that she was denied a constitutionally or federally protected right.  Thus, any appeal from this Ruling would not be taken in good faith, and a certificate of appealability will not issue.

**SO ORDERED**.

Dated at Bridgeport, Connecticut, this 17th day of February, 2012.


 /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge